**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nicolas NUNEZ–MUNOZ,**
**Defendant–Appellant.**

No. 04–41374.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 22, 2006.

---

James Lee Turner, Renata Ann Gowie, Assistant U.S. Attorneys, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Nicolas Nunez–Munoz (Nunez) appeals his conviction and sentence for illegal reentry after a previous deportation. Nunez argues that the district reversibly erred under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by sentencing him pursuant to a mandatory application of the Sentencing Guidelines.

■ There was no *"Booker"* error or Sixth Amendment violation because the only enhancement to Nunez's sentence was for his prior conviction. *See Booker*, 125 S.Ct. at 756, 769. Nevertheless, the district court committed *"Fanfan"* error by sentencing Nunez pursuant to a mandatory guidelines scheme. *See United States v. Walters*, 418 F.3d 461, 463–64 (5th Cir. 2005). We have previously rejected Nunez's claim that such error is " 'structural' in nature." *See id.* at 463.

■ The Government concedes that Nunez preserved his *Fanfan* argument. As such, this court reviews the claim for harmless error. *See id.* at 464. There is no indication in the record that the district court would have imposed the same sentence had the guidelines been advisory rather than mandatory. Accordingly, we vacate the sentence and remand for resentencing in accordance with *Booker*.

Nunez next argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Nunez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Nunez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Nunez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

precedent, but he raises it here to preserve it for further review. Accordingly, Nunez's conviction is affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.